# The East Pennsylvania Railroad Company *versus* Schollenberger.

1. A landowner said to the president of a railroad company when endeavoring to settle for .damages, that if they would run the road "further over" from his house and spring he would give the land occupied for nothing, and the president said he would "try to accommodate." *Held,* that this was too slight to prove the grant of a right of way or release of damages, for there was no designation of the land released.

2. The promise to try to accommodate was not an acceptance of the offer.

3. The right of passage which a railroad corporation acquires across land is an interest in the land, and must come by private purchase or under the eminent domain which the state has vested in them.

4. If the company had the right to deposit stone and earth on land outside the sixty feet appropriated to the road, it was in some sense taking the land and was a proper subject for compensation.

January 22d 1867.   Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.   STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county.*

The proceedings in this case commenced by a petition of John Schollenberger to the Court of Common Pleas of Schuylkill county, setting out that the East Pennsylvania Railroad Company had entered upon his farm and taken "for the making and opening of its railroad and the construction of its works connected therewith, 4 acres and 57 perches" of said farm; that the parties had not been able to. agree for the compensation for his damages, and prayed the court to appoint viewers to assess the -damages, &c.

The case afterwards came before the court (Ryon, P. J.) and a jury.

On the trial the plaintiff proved the taking of the land as set out; there was also evidence of stones, dirt, &c., from the construction of the road, being thrown upon parts of the land not taken for the road.

There was evidence, on the part of the defendants, that the company having run a line of their road near plaintiff's house and barn and over his spring, he said to the president that if they would locate it further up he would give them the land for nothing, and that the road was afterwards put further over.   There was evidence, also, that what the president said was that they would "try to accommodate" the plaintiff.   There was other evi-

dence bearing on the question of plaintiff having given up his claim for damages; but there was no written release.

The defendants submitted points to the court, which are found in the specification of errors.

There was a verdict for $830 for the plaintiff.

In the Supreme Court the defendants assigned the following errors:—

1. The court erred in the answer to the defendants' 1st point, viz.:—

"If the jury believe that the railroad company had located their road along by the plaintiff's spring and near his buildings and had adopted that route and contracted for its construction, and that afterwards Schollenberger proposed to the company that if they would locate their road further up so as to relieve the spring and buildings he would make no charge for the land, and that in pursuance of this offer the company abandoned the first location and adopted a line further up, which line was approved by Schollenberger, then Schollenberger is estopped and can claim no damages in this suit."

The court said: "In answer to the 1st point we charge you that it is for you to determine what the contract was. If the agreement was for a general release of the land without reservation or qualification, it is tantamount to a release of right of way, or a general release."

2. The court erred in instructing the jury:—

"If you find this conversation and the subsequent transactions make a contract, was it to release all the damages, or was it to give *the land* and still claim for the fencing, inconveniences in crossing, embankments, &c., *or depreciation of the balance of the land in consequence of the making of the road?* If you find the contract was a release of damages, then your verdict should be for the defendant. But if he agreed to give the land only, and did not agree to give the release of the other damages, your verdict should in that case be for the plaintiff for such other damages as plaintiff sustained aside from the land taken."

3. The court erred in negativing the defendants' 2d point, viz.:—

"Schollenberger can make no claim in this suit for the deposit of earth and stone by the company on his land outside of the 60 feet right of way allowed to the company and taken for the road."

*F. W. Hughes*, for plaintiffs in error.—The grant of land for the railroad took with it all damages resulting from the construction of the road, such as fencing, &c.: Act of February 19th 1849, § 11, Purd. 839, pl. 13, Pamph. L. 84. The plaintiff's petition asks damages only for the land occupied.

4 P. F. Smith—10

[East Pennsylvania Railroad Co. *v.* Schollenberger.]

He cited also Pa. Railroad Co. *v.* Zebe, 9 Casey 318; Purvis *v.* Del. and Lackawanna Railroad Co., 6 Id. 154.

*J. W. Ryon* and *B. W. Cumming*, for defendant in error.— The evidence as to a contract of release was verbal, and was, therefore, for the jury both as to its existence and meaning: Brubaker *v.* Okeson, 12 Casey 519. There was no evidence of the company's acceptance of the proposition when made: E. Pa. Railroad Co. *v.* Hiester, 4 Wright 57; Wenrich *v.* Heffner, 2 Id. 207. There are other damages in such cases than occupying land for the road: E. Pa. Railroad Co. *v.* Hottenstine, 11 Wright 28; Redfield on Railroads 153 note; Brown *v.* Prov., W. and B. Railway Co., 5 Gray 35; Dodge *v.* County Comrs., 3 Metc. 380; Barclay Railroad Co. *v.* Ingham, 12 Casey 194; Plank Road *v.* Ramage, 8 Harris 75; Lycoming Mut. Ins. Co. *v.* Schreffler, 8 Wright 272.

The opinion of the court was delivered, March 11th 1867, by

WOODWARD, C. J.—The East Pennsylvania Railroad Company having taken 4 acres and 57 perches of land from the farm of John Schollenberger for railroad purposes, and having also occupied another portion of his land for deposit of gravel, dirt and the like, he instituted this proceeding for the recovery of damages, and on the trial in the court below the chief defence relied on by the company was a parol agreement by which, as the company allege, the plaintiff agreed to grant the company the right of way, or land for the roadway free of charge in consideration of the company's changing the route through plaintiff's land, which had been located over a spring and nearer the buildings than the one subsequently adopted, which offer the company accepted and changed their route accordingly.

The court submitted the evidence of this contract to the jury, having first explained to them the essential elements of a contract, and on a careful perusal of the testimony we do not wonder the jury failed to find an agreement to release damages. Railroad companies generally run several experimental lines, and their officers and engineers discuss with landowners the practicability, advantages and disadvantages of the respective routes. This is the substance of what was done in this case. A line having been started out that crossed Schollenberger's spring, and approached nearer than was agreeable to his buildings, the president of the company applied to him to sign a release of damages, which he did not do, but said to the president that if he would locate the road "further up," or as the corrected evidence has it, "further over," he would give the land for nothing, and the president said he would try to accommodate. This was the substance of the

strongest evidence in support of the release, and it is entirely too slight to prove the grant of a right of way or a release of damages, for there was no designation of the land released. If the road was taken from its first location and put "further up," or "further over," there is no evidence that it was put on the ground Schollenberger meant to release, and can be none because there was no designation of that ground between the contracting parties. The reference to it was in language too indefinite and indescriptive for a land contract. Nor was there any acceptance of the offer, such as it was. The promise to try to accommodate was scarcely the consummation of the contract.

The right of passage which a railroad corporation acquires across the land of a citizen is an interest in the land, and must come either by a private purchase or by the exercise of the power of eminent domain which the state has vested in them. In the one mode of acquisition, the price agreed upon must be paid; in the other, the damages assessed according to the provisions of law. But if the company alleges that the damages have been released, and the right of way surrendered as a gratuity, they should come prepared with evidence fitted to the gravity of the occasion; we do not say that such a release may not be proved by parol, though the practice is to take it in writing, and Mr. Clymer, when he went to get Schollenberger's release, was provided with a written or printed form, which Schollenberger refused to sign; but if a company, having tried unsuccessfully to get a written release, undertakes to prove one by parol, the evidence should be more clear, definite and uncontradicted than was relied on in this case. The court submitted it all to the jury with the remark that "if the agreement was for a general release of the land without qualification or reservation it is tantamount to a release of right of way or a general release." This was as much as the company could reasonably expect—more, perhaps, than in strictness they had a right to demand. But this is said to be a vague and evasive answer of the defendant's 1st point. We do not think so. The point proposed that the court should charge upon one view of the facts, that Schollenberger was estopped, and they charged that if upon a comprehensive view of the whole case the agreement was made out, he should be estopped. This was a sufficient answer of the point. The 2d error assigned is founded upon a distinction suggested between the land and other damages for inconvenience, &c. Undoubtedly if the rule was so special as to distinguish between the value of the land and other damages; the company were not injured by the court's pointing the jury to that distinction, and limiting the plaintiff's right to damages to that only which he had not released.

In answer to the 3d error, we observe that if the company had, under their charter and our general railroad law, the implied

[East Pennsylvania Railroad Co. *v.* Schollenberger.]

right to deposit stone and earth upon the plaintiff's land, outside of the 60 feet appropriated to the road, there was no error in submitting this matter as an item of damages. In some sense it was taking the plaintiff's land and, if necessary to the construction of their road, it was a proper subject for compensation.

The judgment is affirmed.